[No. 248. Decided January 13, 1892.]

DANIEL PEARSON, *Appellant*, v. ISLAND COUNTY, *Re-
spondent*.

HIGHWAYS—COUNTY ROAD—PROCEEDINGS TO ESTABLISH—APPEAL FROM
COMMISSIONERS.

Under § 2977, Code 1881, providing for allowance by the county
commissioners of the assessment of damages for a proposed county
road made by appraisers appointed therefor, and § 2978 allowing an
appeal by a party aggrieved by such assessment to be made within
three months after the adoption of the report of the appraisers by the
county commissioners, the claim of damages, the action of appraisers
and the order of the commissioners directing payment, form one pro-
ceeding, the assessment not being complete until the board of com-
missioners act thereon, and an appeal from the order of the board to
the superior court brings up the whole matter.

*Appeal from Superior Court, Jefferson County.*

Appeal to the superior court by Daniel Pearson from
the order of the board of commissioners of Island county,.

32—3 WASH.

allowing him certain damages for the establishment of a
county road.    From the order of the court dismissing the
appeal, plaintiff prosecutes his appeal to this court.

*Strudwick & Peters*, and *R. H.* and *R. A. Ballinger*, for
appellant.

*Trumbull & Plumley*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—The board of commissioners of the respond-
ent undertook to lay out and establish a county road
through the premises of the appellant.    The appellant
being dissatisfied with the amount of damages allowed him
therefor, took an appeal to the territorial district court.    In
April, 1890, the cause being then pending in the superior
court of Island county, he moved for a change of venue
to the superior court of Jefferson county, which was
granted.    Subsequently the court, upon a motion by the
respondent, dismissed the cause on the ground that it had
no jurisdiction.

It is contended that the appeal was not properly taken;
that the only appeal allowable in such cases is under §
2978 of the 1881 Code, and is from the assessment of dam-
ages, and that the appeal here taken purports to be from
the order of the commissioners directing the amount of
damages assessed to be paid to the appellant, as provided
by § 2977; that this order was in his favor and he could
not appeal therefrom; and, if otherwise, his appeal was too
late, not having been taken within twenty days after the
order was made as required by § 2695, which it is claimed
is the only section allowing appeals from the action of the
commissioners.

It is true the notice of appeal only describes the order.
It recites "that Daniel Pearson conceives himself aggrieved
by the order of the said board of county commissioners, made
and entered on the 7th day of May, 1889, wherein the said

Daniel Pearson was awarded and allowed the sum of two hundred dollars as an assessment of damages," and it notified the respondent that he appealed "from the said order, and the whole thereof." But strictly, there is no such thing as an appeal from the action of the appraisers in assessing the damages. The injury was not completed in allowing too small a sum, if it was too small, until the commissioners acted thereon, and the result depended upon their action. After the amount was assessed or fixed by the appraisers, the commissioners might not have established the road, and if they did not establish it there could have been no recovery, for there would have been no injury, hence no appeal from the assessment itself by the appraisers. Under these sections the order of payment becomes virtually a part of the assessment, and in one sense the order is adverse to the claimant; it was a step in the establishment of the road. Section 2977 provides as follows:

"Sec. 2977. If the board of county commissioners are satisfied that the amount of damage so assessed is just and equitable, and that the proposed road will be of sufficient importance to the public to cause the damages so assessed and determined to·be paid by the county, the commissioners shall order the same to be paid to the complainant out of the county treasury; but if in the opinion of the county commissioners such proposed road is not of sufficient importance to the public to cause damages to be paid by the county, the commissioners may refuse to establish the same as a public highway unless the expense or damages, or such part thereof as the commissioners may think proper, shall be paid by the petitioners."

Section 2978 provides that "any complainant who may conceive himself aggrieved by the assessment of damages, as prescribed by the two preceding sections, may, within three months after such report is adopted by the county commissioners, appeal therefrom," etc., plainly contemplating that the order of payment is really a part of the assessment,

as it must of necessity be. The claim of damages, the action of the appraisers, and the order of the commissioners directing payment, formed one proceeding. The assessment was not complete until the commissioners acted, and the appeal brought up the whole matter.

Reversed and remanded.

ANDERS, C. J., and STILES, HOYT and DUNBAR, JJ., concur.